**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO RUIZ, | CASE NO. 1:10-cv-00961-OWW-SKO PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| A. ENENMOH, et al., | (Doc. 4) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Ramiro Ruiz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2010. Pending before the Court is Plaintiff's amended complaint, filed June 28, 2010.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff originally filed case number 1:10-cv-00880 along with inmates Martinez and Demery. On June 1, 2010, the Court severed the inmates' claims from one another, directed the Clerk of the Court to open separate actions for Plaintiff and inmate Martinez, and ordered all three inmates to file amended complaints.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.   Plaintiff's Amended Complaint

### A.   Summary of Allegations

Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility in Corcoran, brings this action against Robinson, a doctor; Jean Pierre, a physician assistant; and Does 1-20 for the violation of his rights under the Eighth Amendment of the United States Constitution.

Plaintiff suffers from degenerative disc and joint disease, which requires constant medical attention. On January 27, 2009, Plaintiff was given a forty-five day prescription for morphine sulfate. When Plaintiff sought to renew the prescription prior to its expiration on March 13, 2009, his requests were ignored.

On May 26, 2009, Plaintiff saw Defendant Robinson, who told him that it would be too expensive to continue the medication. Plaintiff was then seen on July 11, 2009, by Defendant Pierre, who prescribed an inferior pain medication to manage Plaintiff's chronic pain and told Plaintiff that

he did not need any pain medication because he (Pierre) also suffered from back pain and did not take any medication.

### B.     Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendants Robinson and Pierre's failure to acquiesce to Plaintiff's requests for morphine sulfate does not state a claim. Plaintiff has not alleged sufficient facts to support a claim that Defendants knowingly disregarded a substantial risk of harm to his health, Farmer, 511 U.S. at 834, and his mere disagreement with the course of treatment prescribed does not give rise to a claim, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Plaintiff also fails to allege facts giving rise to plausible claims for relief against Doe Defendants 1-20. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff will be granted leave to amend in the event that these deficiencies are curable.

///

### III.     **Conclusion and Order**

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing those deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555 (citations omitted). While it is permissible for Plaintiff to name Doe defendants, the requirement that Plaintiff demonstrate the personal involvement of each defendant extends to Does. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissal of Doe appropriate if complaint failed to state a claim against him). The Court must be able to ascertain their involvement and identify any cognizable claims against them, as Plaintiff is required to amend to substitute their identities once he is able to do so.

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;
2.      Plaintiff's amended complaint, filed June 28, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

4

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **May 13, 2011**                             /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE